

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-01090-CV

**IN THE INTEREST OF A.J.S.**, A.B.S., A.R.C., & A.N.M., Children

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2022PA00652
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: July 17, 2024

AFFIRMED; MOTION TO WITHDRAW DENIED

Appellant Mother appeals the trial court's order terminating her parental rights to her children, A.J.S., A.B.S., A.R.C., and A.N.M.[1] The Texas Department of Family and Protective Services ("the Department") filed this suit, seeking termination of Mother's parental rights to the children. After a bench trial, the trial court found by clear and convincing evidence three statutory grounds[2] to terminate Mother's parental rights and that termination of her parental rights is in the children's best interests. Mother timely appealed the trial court's order.

---

[1] To protect the identity of minor children in an appeal from an order terminating parental rights, we refer to appellant as "Mother" and the children by their initials or as "the children." *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2). The trial court's order also terminated the parental rights of the children's respective fathers; however, only Mother appeals the trial court's termination order.

[2] The trial court found termination of Mother's parental rights warranted under subsections 161.001(b)(1)(N), (O), and (P) of the Texas Family Code. *See* TEX. FAM. CODE ANN § 161.001(b)(1)(N), (O), (P).

Mother's court-appointed appellate attorney filed a brief in which she concluded there are no meritorious issues to be raised on appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (stating *Anders* procedures protect indigent parents' statutory right to counsel on appeal in parental rights termination cases and apply in those cases). Counsel certified she sent Mother a copy of the brief and a letter advising of her rights to review the record and to file a pro se brief. Counsel also provided Mother a form to use to request access to the record. In addition, counsel filed a motion to withdraw. This court issued an order abating counsel's motion to withdraw and setting deadlines for Mother to request access to the record and to file a pro se brief. Mother did not request access to the appellate record, nor did she file a pro se brief.

We have thoroughly reviewed the record and counsel's *Anders* brief. The record establishes by clear and convincing evidence the grounds for termination and that termination is in the children's best interests. *See* TEX. FAM. CODE ANN. § 161.001(b); *In re J.O.A.*, 283 S.W.3d 336, 344–45 (Tex. 2009); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Upon a thorough review of the record, we conclude the evidence is legally and factually sufficient to support the termination order and there are no other arguably meritorious grounds for appeal. Therefore, we affirm the trial court's termination order.

Counsel filed a motion to withdraw in conjunction with her *Anders* brief. We deny counsel's motion to withdraw because it does not assert any ground for withdrawal apart from counsel's conclusion that the appeal is frivolous. *See In re P.M.*, 520 S.W.3d at 27. Counsel's duty to her client extends through the exhaustion or waiver of all appeals, including the filing of a petition for review in the Texas Supreme Court. *See* TEX. FAM. CODE ANN. § 107.016(2)(B); *In re P.M.*, 520 S.W.3d at 27. After this court has rendered its decision, appointed counsel's

obligations to her client may be met by filing a petition for review that satisfies the standards for an *Anders* brief. *In re P.M.*, 520 S.W.3d at 27–28, 28 n.14.

Irene Rios, Justice